UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL E. PETERSEN, | ) |
| Plaintiff, | ) Case No. CV 16-5740 AJW |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) MEMORANDUM OF DECISION |
| Defendant. | ) |

Plaintiff seeks reversal of the decision of defendant, the Acting Commissioner of Social Security (the "Commissioner"), denying plaintiff's applications for supplemental security income ("SSI") benefits for the period July 7, 2010 through December 30, 2013. The parties have filed a Joint Stipulation ("JS") setting forth their respective contentions.

**Administrative Proceedings**

The procedural facts are undisputed. [JS 2-3]. Plaintiff filed his application for SSI benefits on July 7, 2010 alleging disability beginning on January 1, 2007. A prior application for SSI benefits filed by plaintiff was finally denied on January 12, 2010. [See Administrative Record ("AR") 18]. In a November 1, 2011 written hearing decision, the Administrative Law Judge ("ALJ") applied the doctrine of res judicata to bar relitigation of plaintiff's disability claim with respect to the period up to and including January 12,

2010. [AR 7-11, 18-23]. The ALJ further found that plaintiff did not have a severe impairment or combination of impairments on or after July 7, 2010, the date his SSI application was filed, and therefore that plaintiff was not disabled from that date through November 1, 2011, the date of the ALJ's decision.[1] [AR 22].

Plaintiff filed an action for judicial review of the ALJ's decision, resulting in an order and judgment granting defendant's ex parte motion to remand this case for further administrative proceedings. [JS 3; AR 478-479]. While that action for judicial review was pending, plaintiff filed a new application for SSI benefits on December 31, 2013. That application was granted at the initial level, and plaintiff was found disabled beginning on December 31, 2013, the date he filed his SSI application. The Appeals Council subsequently issued an order affirming the finding of disability as of December 31, 2013 and remanding the case for a determination whether plaintiff was disabled *prior to* December 31, 2013. [JS3; AR 436, 484-485].

On March 29, 2016, a second ALJ presided over a new hearing during which testimony was received from plaintiff and a vocational expert. [JS 3; AR 451-477]. In a final written hearing decision dated May 4, 2016, the ALJ considered the issue of plaintiff's disability during the relevant period, that his from July 7, 2010, his filing date, through December 30, 2013, the day before he filed his subsequent, successful SSI benefits application. [See JS 3-4; AR 436-444]. The ALJ found that during the relevant period, plaintiff had severe impairments consisting of asthma, diabetes mellitus, history of left leg fracture with malunion, and obesity, and that those impairments did not meet or equal a listed impairment. [AR 439-440]. The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work. [AR 440-443]. After finding that plaintiff had no past relevant work, the ALJ determined that plaintiff's RFC did not preclude performance of alternative jobs that exist in significant numbers in the national economy. Accordingly, the ALJ found plaintiff "not disabled . . . prior to December 30, 2013." [AR 444-445].

**Standard of Review**

---

[1] SSI benefits are not payable prior to the month following the month which the claimant's application is filed, regardless of the date of onset. See 20 C.F.R. §§ 416.330, 416.335. Therefore, the relevant period for purposes of the ALJ's decision was July 7, 2010 through November 1, 2011, the date of the ALJ's decision.

2

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ committed legal error on remand by failing to call a medical expert to testify regarding the onset date of his disability. [See JS 5-17].

The Ninth Circuit has held that when a finding of disability is made and the date of onset of disability must be inferred because the record is unclear as to when the disability began, SSR 83-20 requires that an ALJ call a medical expert to aid in determining the onset date. Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 590-591 (9th Cir. 1998) (citing Morgan, 945 F.2d at 1082-1083; DeLorme v. Sullivan, 924 F.2d 841, 848-849 (9th Cir. 1991)); see SSR 83-20, 1983 WL 31249, at *3. In Armstrong, the claimant had been found disabled and awarded SSI benefits as of the date his SSI application was protectively filed. Armstrong, 160 F.3d at 589. The ALJ denied the claimant's application for disability insurance benefits on the ground that there was insufficient evidence that he became disabled prior to his date last insured ("DLI"). Noting that a disability insurance benefits claimant "must demonstrate that he was disabled prior to" his DLI, the Ninth Circuit held that since there was evidence that the claimant's impairments predated his DLI and the record was unclear as to when those impairments became disabling, the ALJ erred in failing to call a medical expert to create a record that would serve as a basis for inferring an onset date. Armstrong, 160 F.3d at 589-590. The Ninth Circuit cautioned that its holding did not relieve the plaintiff "and other [disability insurance benefits] claimants of their ultimate burden to prove disability

before expiration of disability insured status." Armstrong, 160 F.3d at 590.

Plaintiff argues that Armstrong's medical expert testimony requirement is triggered because plaintiff was found disabled as of December 31, 2013, the date he filed his SSI application, and "[t]he onset date of December 31, 2013 was not inferred based on the medical and/or vocational evidence." Plaintiff contends that since he was disabled at least as of December 31, 2013, Armstrong required the ALJ to adduce "testimony from a medical expert to infer an onset date prior to December 31, 2013 that was consistent with the medical and vocational evidence . . . ." [JS 7].

Plaintiff is wrong. Armstrong arose in the context of a claim for disability insurance benefits, where the plaintiff was found disabled after his DLI. The plaintiff in Armstrong did not challenge the determination that he was disabled for *SSI benefits purposes* as of the protective filing date of his application, nor could he have done so successfully. Unlike disability insurance benefits, SSI benefits are not payable for the period before the month in which an application is filed, regardless of the date the impairments actually became disabling. 20 C.F.R. §§ 416.330, 416.335. If an SSI applicant first meets all of the requirements for eligibility after filing an application that remains in effect, benefits are payable no earlier than the month after the month in which all of the eligibility requirements are met. See 20 C.F.R. § 416.330; SSR 83-20, 1983 31249, at *1. This means that in SSI cases, "[o]nset will be established as of the date of filing provided the individual was disabled on that date. Therefore, *specific medical evidence of the exact onset date need not generally be obtained prior to the application date since there is no retroactivity of payment* because title XVI payments are made beginning with the date of application provided that all conditions of eligibility are met." SSR 83-20, 1983 WL 31249, at *7 (italics added).

Plaintiff applied for SSI benefits only. When his application for SSI benefits filed on December 31, 2013 was granted and plaintiff was found disabled as of the filing date, the onset date was not "inferred," nor was it selected "as a matter of administrative convenience," as plaintiff contends in arguing that the ALJ erred in failing to call a medical expert on remand in this case. [JS 7]. As a matter of law, the relevant date was the date plaintiff filed his successful SSI benefits application. No inference was drawn on the basis of medical or vocational evidence in selecting that date because none was needed.

Even when a date of onset must be inferred, Armstrong's requirement for medical expert testimony applies only when the claimant is found disabled for some period of time. If the claimant is not found

4

disabled, there is no need to determine an onset date. On remand, the ALJ found plaintiff not disabled from July 7, 2010 through December 30, 2013. Absent a finding of disability by the ALJ, the ALJ's failure to elicit medical expert testimony was not legal error. See Sam v. Astrue, 550 F.3d 808, 811 (9th Cir. 2008) (explaining that Armstrong's medical expert testimony requirement is triggered only when "there was either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured, thus raising a question of onset date," and holding that where "the ALJ explicitly found that [the claimant] was not disabled at any time" and that finding was supported by substantial evidence, "the ALJ was not required by SSR 83–20 to introduce a medical expert into the process"); see also Lair-Del Rio v. Astrue, 380 F. App'x 694, 696–697 (9th Cir. 2010) (stating that Armstrong's medical expert testimony requirement "only applies where a claimant has been found disabled," and since the claimant failed to meet her burden to prove disability, Armstrong is "inapposite"); Blair-Bain v. Astrue, 356 F. App'x 85, 88 (9th Cir. 2009) (holding that because the ALJ found the claimant "not disabled prior to the last date insured, we have no cause to remand under SSR 83–20"); DeBerry v. Comm'r of Soc. Sec. Admin., 352 F. App'x 173, 175–176 (9th Cir. 2009) (holding that because the ALJ found the claimant "not disabled, the need for a medical expert to assist in inferring an onset date did not arise"); Brinegar v. Astrue, 337 F. App'x 711, 712 (9th Cir. 2009) (holding that "the ALJ was not required under SSR 83–20 to use a medical expert to infer a disability onset date" because the ALJ found the claimant not disabled "at any time through the date of this decision").

Plaintiff acknowledges that under Sam, the ALJ's duty to call a medical expert "is triggered when a claimant has been found disabled." [JS 6]. Plaintiff contends, however, that Sam is distinguishable and did not obviate the need for the ALJ to call a medical expert because plaintiff was found disabled *"at least as of December 31, 2013"* in a separate administrative decision on his subsequent SSI benefits application. Plaintiff argues that the fact that he was found disabled pursuant to a different SSI application than the one under review in this action "is of no moment," and that since he was found disabled at some point, the medical Armstrong applies and requires reversal of the ALJ's decision on his prior SSI application. [JS 6]. Neither Armstrong nor Sam concerns the situation presented here, where there is no finding of disability by the ALJ in the decision under review, but the Commissioner subsequently finds the claimant disabled pursuant to a later-filed SSI benefits application. Plaintiff has not cited any controlling precedent

supporting his extension of the Armstrong medical expert testimony requirement to this situation. A District of Nevada decision cited by plaintiff is not precedential and also is distinguishable because it concerns a disability benefits claim and the issue of whether the claimant was disabled prior to his DLI. Graves v. Colvin, 2016 WL 3360669, at *7 (D. Nev. Mar. 29, 2016), report and recommendation adopted, 2016 WL 3360657 (D. Nev. June 8, 2016). In Graves, the claimant filed an application for disability insurance benefits and SSI benefits. He was found disabled as of February 23, 2012, 54 days after his date last insured, resulting in an award of SSI benefits but a denial of disability insurance benefits. After his second application for disability insurance benefits was denied, he sought judicial review. The district court concluded that the second ALJ erred under Armstrong in failing to call a medical expert because the second ALJ "essentially concede[d] that [the claimant] was disabled at some point after the date last insured," and because there was "substantial evidence that the claimant was disabled at some point after the date last insured," triggering Armstrong's medical expert testimony requirement. Graves, 2016 WL 3360669, at *7; see also Sam, 550 F.3d at 810-811 (stating that an explicit ALJ finding of disability, "or substantial evidence that the claimant was disabled at some point after the date last insured," raises a question of onset date that triggers the requirement of medical expert testimony).

Here, the ALJ reexamined the issue of plaintiff's disability from July 7, 2010 through December 30, 2013, and she did not concede that plaintiff was disabled at any point prior to December 31, 2013. Plaintiff had the burden to establish that he became disabled *at some point* during that period in order to trigger any duty by the ALJ to determine an onset date. See Armstrong, 160 F.3d at 590. The subsequent finding of disability as of December 31, 2013 did not relieve plaintiff of that burden or give him a "thumb on the scale" in meeting it so as to trigger a duty by the ALJ to elicit medical expert testimony regarding an onset date. Plaintiff did not meet his burden. Significantly, plaintiff's opening brief assigns only one error to the ALJ's decision, her failure to call a medical expert under Armstrong. [See JS 5-8]. Plaintiff's opening brief did raise any other issue. Plaintiff's belated and cursory attempt to raise other grounds for reversal in his reply brief amounts to a waiver of those issues. [See JS 15-16 (arguing, in reply, that "the medical evidence does contain documentation that *may* support a finding of disability," but not explaining how the ALJ's determination of non-disability was legally erroneous or lacked the support of substantial evidence in the record)]. The general rule is that a court will not consider arguments raised for the first time in a reply brief.

6

See Kim v. Kang, 154 F.3d 996, 1000 (9th Cir. 1998); Nichols v. Comm'r of Soc, Sec. Admin., 260 F. Supp. 2d 1057, 1077 n.62 (D. Kan. 2003); see generally Bergfeld v. Barnhart, 361 F. Supp. 2d 1102, 1110 (D. Ariz. 2005) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision.") (citing Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001)).

In this case, the ALJ found that plaintiff was not disabled at any time prior to December 31, 2013. Under Sam, the ALJ was not required to call a medical expert to infer an onset date because he did not find plaintiff disabled during the relevant period, and plaintiff has waived any issue as to whether the ALJ's finding of nondisability is supported by substantial evidence and is free of legal error. See Sam, 550 F.3d at 810-811.

If plaintiff had not already succeeded in obtaining reversal and remand of the decision denying his July 7, 2010 SSI application, he might have argued that the finding of disability based on his second SSI benefits application "was new and material evidence warranting remand for further factual consideration because it commenced at or near the time [he] was found not disabled based on the first application." Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (holding that since the second benefits application resulted in a finding of disability with an onset date one day after the date on which the claimant was found not disabled on the first application, and since it was unclear from the record whether the two decisions were "reconcilable or inconsistent," the subsequent finding of disability warranted remand "for further consideration of the factual issues . . . to determine whether the outcome of the first application should be different"). Since plaintiff obtained a remand for further administrative proceedings in his action for judicial review of the first ALJ's denial of benefits, and since the subsequent finding of disability had already been made and was part of the record on remand [see AR 484-485], plaintiff received all the relief he would have been entitled to under Luna, a remand for further administrative proceedings "to reconsider whether [he] was actually disabled during the period of time relevant to h[is] first application." Luna, 623 F.3d at 1034. Notably, Luna did not hold or even suggest that medical expert testimony on the issue of an onset date was required on remand, even though in that case there was "only one day between the denial of [the claimant's] first application and the disability onset date specified in the award for her successful second application." Luna, 623 F.3d at 1035.

**Conclusion**

For the reasons stated above, the Commissioner's decision is based on substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

June 21, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge